UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MARIA VARGAS SANCHEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:26-cv-00053-TWP-KMB |
| | ) |
| SAMUEL OLSON Director, Chicago Enforcement | ) |
| and Removal Operations Field Office at | ) |
| Immigration and Customs Enforcement, | ) |
| TODD M. LYONS Acting Director, Immigration | ) |
| and Customs Enforcement, | ) |
| KRISTI NOEM Secretary, U.S. Department of | ) |
| Homeland Security, | ) |
| DAREN K. MARGOLIN Director, Executive | ) |
| Office for Immigration Review, | ) |
| PAM BONDI Attorney General of the United | ) |
| States, | ) |
| SCOTT A. MAPLES, JR. Sheriff, Clark County | ) |
| Jail, | ) |
| | ) |
| | ) |
| Respondents. | ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by Noncitizen

Maria Vargas Sanchez. (Dkt. 1). Ms. Vargas Sanchez is detained at the Clark County Jail at the

direction of U.S. Immigration and Customs Enforcement. On February 9, 2026, the Court granted

her first petition for a writ of habeas corpus, finding that her detention is governed by 8 U.S.C. §

1226(a) and ordering the respondents to afford her a bond hearing consistent with that statute.

(*Vargas Sanchez v. Olson*, No. 4:26-cv-00019-SEB-KMB at Dkt. 13). Ms. Vargas Sanchez remains

detained following her bond hearing and in her second habeas petition, contends that she was

denied bond in a manner that violates the Fifth Amendment. *Id*. She asks the Court to order her

immediate release. Because she has not exhausted the administrative remedies available to her, the petition is denied without prejudice.

## I. Facts

Ms. Vargas Sanchez's first habeas petition was granted on February 9, 2026. Immigration Judge Valerie Burch held a bond hearing three days later and denied Ms. Vargas Sanchez's request for bond. (Dkt. 1-1). Judge Burch's order states only that Ms. Vargas Sanchez "failed to meet her burden of establishing that she does not pose a risk of flight" and "failed to establish that there is a condition of release or amount of bond that can ensure her appearance at future hearings or for removal if necessary." *Id.* at 2.

The hearing has not been transcribed or otherwise provided to this Court. Instead, Ms. Vargas Sanchez's attorney has presented an affidavit describing the evidence she presented to Judge Burch and the grounds she articulated for denying bond. (Dkt. 1-2). According to counsel, Judge Burch relied heavily on the facts that Ms. Vargas Sanchez entered the United States unlawfully (which must be true of countless noncitizens seeking bond during removal proceedings) and worked in the United States without legal authorization (which was necessary to provide for her minor children). *Id.*

Ms. Vargas Sanchez has appealed Judge Burch's bond denial. (Dkt. 7-2). The appeal remains pending, and there is no timeline for a decision.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Ms. Vargas Sanchez argues that her continued detention violates the Constitution because her bond hearing did not satisfy the Fifth Amendment's due process requirements. She argues more

2

specifically that Judge Burch's decision was illogical, unsupported by evidence, and based on improper considerations. Dkt. 1 ¶¶ 31–42. She further argues that the Fifth Amendment requires that the government bear the burden of proving the necessity of continued detention rather than that the detainee bear the burden of proving that bond is warranted. *Id.* ¶¶ 49–50.

The respondents argue that this Court does not have jurisdiction to review Judge Burch's denial of bond or, alternatively, that the Court should defer any review based on Ms. Vargas Sanchez's pending administrative appeal.

The Court finds no jurisdictional barrier to hear the claim Ms. Vargas Sanchez raises in her petition. However, the Court is persuaded that it is prudent to require Ms. Vargas Sanchez to exhaust administrative remedies before addressing the merits of that claim.

## A.    Jurisdiction

The respondents argue that 8 U.S.C. § 1226(e) bars this Court from reviewing Judge Burch's bond denial. Dkt. 7 at 2–7. The plain text of the statute lends support to their argument:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e).

Even so, § 1226(e) does not bar the claim Ms. Vargas Sanchez presents to this Court. Although Ms. Vargas Sanchez asks the Court to review and set aside Judge Burch's discretionary denial of bond, she asks the Court to do so on grounds that she has been deprived of due process under the Fifth Amendment. And it is well-settled that § 1226(e) does not deprive federal courts of jurisdiction to resolve habeas corpus petitions raising constitutional challenges to detention. *Demore v. Kim*, 538 U.S. 510, 517 (2003) ("Section 1226(e) contains no explicit provision barring

3

habeas review, and we think that its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail."); *Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999) ("Section 1226(e) likewise deals with challenges to operational decisions, rather than to the legislation establishing the framework for those decisions. The district court therefore had jurisdiction under § 2241.").

The respondents also briefly invoke another statutory limit on judicial review, which states, in relevant part: "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added). However, Courts have held that § 1252(a)(2)(B)(ii)—like § 1226(e)—does not apply to constitutional challenges or questions of law. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017); *Aracely, R. v. Nielsen*, 319 F. Supp. 3d 110, 135 (D.D.C. 2018) ("While § 1252(a)(2)(B)(ii) undoubtedly bars judicial review of individual parole decisions, courts have declined to apply it to claims challenging the legality of policies and processes governing discretionary decisions under the INA."). At least to the extent Ms. Vargas Sanchez challenges her denial of bond on due process grounds, § 1252(a)(2)(B)(ii) is not a jurisdictional bar. The Court therefore proceeds to the question of exhaustion.

**B.    Exhaustion**

The respondents acknowledge that no statute requires Ms. Vargas Sanchez to exhaust administrative remedies before pursuing her habeas action. "[W]here Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).

4

The Court begins from the "general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Id.* at 144–45. But the Court has discretion to depart from the general rule and find that "individual interests demand that exhaustion be excused when:"

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir.2002)).

### 1. Timeframe for Administrative Resolution

The first individual interest—time—weighs against requiring exhaustion. The Court acknowledges that Ms. Vargas Sanchez's appeal to the BIA will not be resolved on a strict timeline and may last months. During that time, she will remain in detention, which will burden her family and affect her ability to work with counsel to litigate her removal case.

### 2. Agency Competency

The second individual interest—agency competency—weighs in favor of requiring exhaustion. Ms. Vargas Sanchez relies on a due process claim in this Court, but the core of her argument is that Judge Burch deprived her of due process by making an irrational decision contrary to the evidence presented and based on impermissible considerations. Certainly, the BIA has greater expertise than this Court on the questions of what immigration judges may or may not consider and how they should or should not weigh evidence in administrative bond hearings.

This analysis is not changed by Ms. Vargas Sanchez's argument that Judge Burch violated the Constitution by placing the burden on her of proving that release was warranted. Ms. Vargas

5

Sanchez admits that the Seventh Circuit has not decided the question of who faces the burden of proof in an administrative bond hearing. Dkt. 1 ¶ 50. Further, the other circuit courts have not resolved the question uniformly.[1]

"The rationale for" requiring exhaustion " may be even stronger in the context of a case, like this one, that raises a constitutional question." *In re Establishment Inspection of Kohler Co.*, 935 F.2d 810, 812–13 (7th Cir. 1991). "[T]he exhaustion requirement enables courts to avoid deciding cases on constitutional grounds unnecessarily; during administrative proceedings the constitutional issue, or the entire case, for that matter, may be resolved favorably for the aggrieved party, obviating the need for the courts to address the constitutional claim." *Id.* at 813. *See also Diliberti v. Brown*, 583 F.2d 950, 951 (7th Cir. 1978) (Requiring "exhaustion would further 'the well-established and sound policy in the federal courts which seeks to avoid premature decisions of constitutional questions such as those raised in plaintiffs' complaint.'" (quoting *Champagne v. Schlesinger*, 506 F.2d 979, 984 (7th Cir. 1974))).

Ms. Vargas Sanchez seeks release from custody or a bond hearing based on different considerations than the one she received. The BIA can provide that relief and is well equipped to determine whether she is entitled to it under the Immigration and Nationality Act and applicable regulations. The Court finds that it is prudent to allow the BIA to address Ms. Vargas Sanchez's

---

[1] *Compare Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2d Cir. 2020) ("[T]he district court correctly ordered a new bond hearing where the Government bore the burden of proof."), *with Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022) ("[E]ven when there are deficiencies in individual § 1226(a) proceedings, they may be redressable through means short of major changes to the burden of proof."); *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) ("Espinoza did not meet his burden to show a likelihood of success on his claim that requiring an alien in a § 1226(a) bond hearing to show, by a preponderance of evidence, that he is not a danger to the community nor a flight risk violates an alien's rights under the Due Process Clause."); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("[U]nder § 1226(a) the burden remains on the detainee at all times. [W]e perceive no problem . . . .").

6

claims from that vantage point before wading into a complicated constitutional question on which there is no Seventh Circuit precedent and on which the federal courts more broadly are divided.

### 3. Avoiding Futility or Bias

The third individual interest—avoiding futility or bias—also weighs in favor of requiring exhaustion. Ms. Vargas Sanchez "is certain that the BIA will not rule in her favor," Dkt. 8 at 14, but this Court must base its rulings on evidence, and there is no evidence that the BIA is biased against Ms. Vargas Sanchez or that it has predetermined that it will affirm Judge Burch's denial of bond. She argues that her appeal is futile because the BIA "is not an independent agency" but rather a compartment of the Department of Justice. *Id.* But that is true of *every* administrative agency offering internal review of its decisions. If alignment within an administration agency was a basis for excusing exhaustion, then exhaustion would always be excused, and requiring exhaustion would not be "the general rule." *McCarthy*, 503 U.S. at 144–45.

Ms. Vargas Sanchez also cites a new administrative rule calling for streamlined review of cases by the BIA, but Judge Burch denied bond before the rule took effect, so it does not apply. Dkt. 8 at 14; *Appellate Procedures for the Board of Immigration Appeals*, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026) (applying to "appeals taken from decisions issued after this IFR becomes effective" on March 9, 2026). Additionally, Ms. Vargas Sanchez has not cited any binding administrative precedent that would require the BIA to affirm Judge Burch's decision. Therefore, this is not a situation, as the Court considered when it granted Ms. Vargas Sanchez's initial habeas petition without requiring exhaustion, where exhaustion will be futile because the administrative body can reach only one result. *See* No. 4:26-cv-00019-SEB-KMB, Dkt. 13 at *8–9. The BIA may well affirm Judge Burch's denial of bond, but this Court has no factual basis for deeming that result predetermined.

### 4.  Constitutional Issues

Finally, the fourth individual interest—addressing constitutional issues—does not weigh in favor of departing from the general rule of requiring exhaustion. It is true that Ms. Vargas Sanchez asks this Court to resolve a constitutional question. However, as discussed above, Ms. Vargas Sanchez's constitutional claim overlaps substantially with a specific administrative decision. Ms. Vargas Sanchez asks the Court to find that Judge Burch's bond denial deprived her of due process because she made a decision that was irrational, unsupported by evidence, and based on impermissible considerations. The BIA is as capable as this Court of evaluating Judge Burch's decision on those grounds.

If Ms. Vargas Sanchez asks the Court to address a constitutional question that does not overlap with the merits of Judge Burch's decision, that question is who should bear the burden of proof in the bond determination. As discussed above, the answer to that question is unsettled in this jurisdiction. The Court finds it prudent to permit the BIA an opportunity to address Ms. Vargas Sanchez's claims through the administrative review process before tackling a thorny constitutional question with no guiding precedent.

The Court is sympathetic to the consequences of Ms. Vargas Sanchez's continued detention. But the law generally requires exhaustion of administrative remedies. Three of the four individual interests that could cause this Court to deviate from that general rule weigh in favor of requiring exhaustion. The Court therefore declines to exercise its discretion to excuse exhaustion.

### III. Conclusion

The petition for a writ of habeas corpus is **denied without prejudice** for failure to exhaust administrative remedies. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 3/23/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Yllka A Seseri
Davidson & Seseri
ys@dsvisalaw.com

Esma R Tedik
Davidson and Seseri, LLC
etedik@dsvisalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov

9